```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KENDALL TRENT BROWN,**

                      **Plaintiff,**

                                                                          CIVIL ACTION
           **vs.**                                                         No. 07-3265-SAC

**SALINE COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,**

                      **Defendants.**

<u>ORDER</u>

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Saline County Jail in Salina, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without

---

[1]<i>See</i> <u>Brown v. Saline County Jail</u>, Case No. 07-3062-SAC (remainder of $350.00 district court filing fee); <u>Brown v. Kochanowski</u>, Case No. 07-3264-SAC ($350.00 district court filing fee).

payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff alleges that computers and software purchased by Saline County, and technical support provided by the United States postal office in Salina, is being used to document all prisoner mail and to provide information therein to the courts and to county prosecutors.  Plaintiff contends the jail now has the power to open all incoming an outgoing mail for any reason, which violates federal law.  Plaintiff further contends he now has no way to protect written information to and from his attorney.  On these allegations, plaintiff seeks damages from the Saline County Board of County Commissioners, the Saline County Jail, and the "Saline County Post Office."

"To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

First, plaintiff cannot pursue relief from the Saline County

Jail because that facility is not a legal entity that can be sued. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

Second, any claim against the "Saline County Post Office" would in effect be a claim against the United States,[2] and no cause of action would arise under 42 U.S.C. § 1983 because this defendant is clearly not a "person acting under color of *state* law" for purposes of proceeding under § 1983.  Moreover, although the Postal Reorganization Act in 1971 transformed the Postal Service into an "independent establishment of the executive branch," 39 U.S.C. § 201, authorizing it to "sue and be sued in its official name," 39 U.S.C. § 401(1), the United States has not waived its sovereign immunity to suit under the Civil Rights Act, including 42 U.S.C. § 1983.  *See* Persons v. Runyon, 998 F.Supp. 1166, 1173 (D.Kan. 1998), *aff'd*, 172 F.3d 879 (10th Cir. 1999)(unpublished opinion); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982).

And finally, plaintiff's allegations fail to satisfy the requirements for stating any claim for relief against the Saline County Board of County Commissioners.  It is well established that a county may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the county.  Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).  Here, plaintiff's bare speculative concern that a new computerized method for handling and logging prisoner mail can and will be operated in a manner that violates his constitutional rights is insufficient to establish any factual basis for finding a

---

[2]*See* 39 U.S.C. § 201 (United States Postal Service is an entity of the United States).

constitutional deprivation is in fact occurring, or that it is occurring pursuant to a county policy or custom. *See* <u>D.T. by M.T. v. Independent School Dist. No. 16 of Pawnee County, Okl.</u>, 894 F.2d 1176, 1187 (10th Cir.)(absent a showing of a causal link between an official policy or custom and the plaintiff's injury, <u>Monell</u> prohibits a finding of liability against a municipality), *cert. denied*, 498 U.S. 879 (1990).

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.[3]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated by the court, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as

---

[3] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 19th day of November 2007 at Topeka, Kansas.

<u>  s/ Sam A. Crow             </u>
SAM A. CROW
U.S. Senior District Judge