IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDALL TRENT BROWN,**

                  **Plaintiff,**

                                                            **CIVIL ACTION**
      **vs.**                                                      **No. 07-3265-SAC**

**SALINE COUNTY BOARD OF COUNTY**
**COMMISSIONERS, et al.,**

                  **Defendants.**

ORDER

    Plaintiff, a prisoner confined in the Saline County Detention Center in Salina, Kansas, proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. § 1983.

    In this action, plaintiff alleges the computers and software purchased by Saline County, and the technical support provided by the United States postal office in Salina, are being used to document all prisoner mail and to provide information therein to the courts and to county prosecutors.  Plaintiff broadly contends the jail now has the power to open all incoming and outgoing mail for any reason, and further contends he now has no way to protect written information to and from his attorney.  On these allegations of speculative harm, plaintiff seeks damages from the Saline County Board of County Commissioners, the Saline County Jail, and the "Saline County Post Office."

    By an order dated November 19, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because the Saline County Jail is not a legal entity that can be sued, because any claim against the "Saline County Post Office" would in effect be a claim against the United

States rather than a "person acting under color of *state* law" for purposes of proceeding under § 1983, and because plaintiff's allegations fail to satisfy the requirements for establishing any municipal liability against the Saline County Board of County Commissioners.

In response, plaintiff does not address these identified deficiencies.  As in his other pending case, plaintiff cites his lack of education and renews his request for appointment of counsel.[1]  The court denies this request.

Accordingly, for the reasons stated herein and in the show cause order entered on November 19, 2007, the court concludes the complaint should be dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May 2008 at Topeka, Kansas.

           s/  Sam A. Crow          
          SAM A. CROW
          U.S. Senior District Judge

---

[1] Plaintiff also requests that if his case is dismissed, that he be allowed to appeal to the United States Supreme Court.  Plaintiff is advised that a timely notice of appeal from the final order and judgment entered in this matter must be filed in this court, *see* Fed.R.App.P. 4, and that the Tenth Circuit Court of Appeals will have jurisdiction over such an appeal. Plaintiff is further advised that there is a $455.00 fee to file an appeal.  If plaintiff is granted leave to proceed in forma pauperis on appeal without prepayment of that appellate filing fee, plaintiff will be required to pay the full $455.00 fee as provided by 28 U.S.C. § 1915(b)(1) and (2).